# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON DEVEAU, KAREN HILDEBRANT, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-13-830-F<br>) |
| RES-CARE, INC.,<br>RESCARE JOB CORPS., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

On December 20, 2013, plaintiffs, Sharon Deveau and Karen Hildebrant, filed a Notice of Constitutional Question (doc. no. 25), wherein plaintiffs give notice, pursuant to Rule 5.1, Fed. R. Civ. P., that they are challenging the constitutionality of 25 O.S. § 1350. Plaintiffs assert the damage caps provision of § 1350 violates Okla. Const. Art. 5, §§ 46, 52, 54 and 59.

As the constitutionality of 25 O.S. § 1350 has been challenged in this action, and the State of Oklahoma is not a party to this action, the court concludes that 28 U.S.C. § 2403(b) and Rule 5.1(b), Fed. R. Civ. P., require certification of the question to the Oklahoma State Attorney General. *See,* State of Oklahoma v. Pope, 516 F.3d 1214 (10th Cir. 2008) (remanding where notice not given to United States Attorney General).

Accordingly, the court hereby **CERTIFIES** to the Oklahoma State Attorney General that the constitutionality of 25 O.S. § 1350 has been challenged in this action.

The Oklahoma State Attorney General is **GRANTED** leave to intervene in this action *only* for purposes of presenting evidence and argument on the constitutional questions raised by the plaintiffs. The Oklahoma State Attorney General may intervene within **sixty days from December 20, 2013**, the date plaintiffs filed the Notice of Constitutional Question.[1]

The clerk is **DIRECTED** to provide to the Oklahoma State Attorney General a copy of this order, along with copies of the parties' joint status report and discovery plan (doc. no. 12), plaintiff's second amended complaint (doc. no. 18) and defendant, Res-Care, Inc.'s answer to second amended complaint (doc. no. 20).

DATED December 23, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0830p007.wpd

---

[1] Rule 5.1(c) provides in pertinent part:

> Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier.